UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

State Court Case No.: CACE-18-016121

JULIUS WALTZER, CAROLYN SNELL,
DEBRA MORENO, ELAINE MARTIN,
FRANK RILEY, KENNETH SMITH,
JOANN LEAVITT, and LINDA COLLINS,

        Plaintiffs,

v.

MERCK & CO., INC., MERCK SHARP &
DOHME CORP., and McKESSON CORP.,

        Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck") hereby give notice that the above-captioned action pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida is hereby removed to the United States District Court for the Southern District of Florida.  In support of removal, Merck respectfully states the following:

## GROUNDS FOR REMOVAL

1.    Plaintiffs Julius Waltzer, Carolyn Snell, Debra Moreno, Elaine Martin, Frank Riley, Kenneth Smith, Joann Leavitt, and Linda Collins allege that they have experienced various "painful injuries and damages" and have "required extensive medical care and treatment" as a result of receiving Zostavax, Merck's FDA-approved vaccine that helps protect against herpes zoster (shingles).  See Ex. 1, Compl. ¶¶ 4-11.  They seek damages for alleged injuries and

losses purportedly including, but not limited to, "significant conscious pain and suffering, mental anguish, emotional distress, loss of enjoyment of life," and "physical impairment and injury." Id. ¶ 104.

2.      This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## I.      MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      On or about July 3, 2018, plaintiffs filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

4.      Merck was served with the summons and Complaint on July 17, 2018.  Because this Notice of Removal is being filed within 30 days of service of the summons and Complaint on any named defendant, removal is timely under 28 U.S.C. § 1446(b).

5.      No further proceedings have been had in this action.

6.      No previous application has been made for the relief requested herein.

7.      Removal to this Court is proper because it is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Therefore, this action is properly removed to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 89(c).

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto collectively as **Exhibit 1.**

9.      Defendant McKesson Corporation also consents to the removal of this case to this Court.  See **Exhibit 2**.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiffs' counsel and a copy is being filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action among citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.     There is complete diversity among the parties.

12.     Plaintiff Julius Waltzer is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 4.  Mr. Waltzer claims that his "vesicular outbreak, which was diagnosed as herpes zoster" and which has required "extensive medical care and treatment," resulted from his receipt of Zostavax.  Id.

13.     Plaintiff Carolyn Snell is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 5.  Ms. Snell claims that her "vesicular outbreak, which was diagnosed as herpes zoster" and which has required "extensive medical care and treatment," resulted from her receipt of Zostavax.  Id.

14.     Plaintiff Debra Moreno is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 6.  Ms. Moreno claims that her "blistering vesicular rash, which was diagnosed as herpes zoster" and which has required "extensive medical care and treatment," resulted from her receipt of Zostavax.  Id.

15.     Plaintiff Elaine Martin is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 7.  Ms. Martin claims that her "blistering vesicular rash, which was

diagnosed as herpes zoster" and which has required "extensive medical care and treatment," resulted from her receipt of Zostavax.  Id.

16.     Plaintiff Frank Riley is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 8.  Mr. Riley claims that his "vesicular outbreak, which was diagnosed as herpes zoster" and which has required "extensive medical care and treatment," resulted from his receipt of Zostavax.  Id.

17.     Plaintiff Kenneth Smith is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 9.  Mr. Smith claims that his "vesicular outbreak, which was diagnosed as herpes zoster" and which has required "extensive medical care and treatment," resulted from his receipt of Zostavax.  Id.

18.     Plaintiff Joann Leavitt is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 10.  Ms. Leavitt claims that her "vesicular outbreak, which was diagnosed as herpes zoster," and which has required "extensive medical care and treatment," resulted from her receipt of Zostavax.  Id.

19.     Plaintiff Linda Collins is, and was at the time of filing the Complaint, a citizen of Florida.  See Ex. 1, Compl. ¶ 11.  Ms. Collins claims that her "severe vesicular rash, which was diagnosed as herpes zoster and post-herpetic neuralgia," and which has required "extensive medical care and treatment," resulted from her receipt of Zostavax.  Id.

20.     Merck is now, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is now, and was at the time plaintiffs commenced this action, a citizen of New Jersey for purposes of determining diversity.  See 28 U.S.C. § 1332(c)(1); Ex. 1, Compl. ¶¶ 13, 14 (alleging that Merck & Co., Inc. is a New Jersey corporation with a principal place of

business in New Jersey and that Merck Sharp & Dohme Corp. is a New Jersey corporation with "its headquarters" in New Jersey).

21.     Defendant McKesson Corporation is now, and was at the time plaintiffs commenced this action, a corporation organized under the laws of Delaware with its principal place of business in California and, therefore, is now, and was at the time plaintiffs commenced this action, a citizen of California and Delaware for purposes of determining diversity.  See 28 U.S.C. § 1332(c)(1); Ex. 1, Compl. ¶ 15 (alleging that McKesson "is a Delaware Corporation with its principal place of business" in California).

22.     Hence, there is complete diversity between plaintiffs and defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.  See generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

## B.     The amount-in-controversy requirement is satisfied.

23.     Plaintiffs seek "damages in excess of $15,000.00," but they do not aver a specific dollar amount of damages in the Complaint.  Ex. 1, Compl. ¶ 16.  However, the fact that plaintiffs failed to stipulate a specific dollar amount of damages does not divest this Court of diversity jurisdiction.

24.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  Removal of a lawsuit is proper upon a defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1446(c)(2)(B);

<u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct. 547, 554 (2014) (holding that "only a plausible allegation" by defendant that amount in controversy exceeds jurisdictional threshold is necessary for removal); <u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010) (holding that, when complaint does not claim specific amount of damages, removal from state court is proper if it is facially apparent from complaint that amount in controversy exceeds jurisdictional requirement); <u>Mullaney v. Endogastric Sols., Inc.</u>, 2011 WL 4975904, at *1 (S.D. Fla. Oct. 19, 2011) ("[A] district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal.") (internal citation omitted).

25.     Plaintiffs filed this action for damages against Merck, alleging "painful" personal injuries. Ex. 1, Compl. ¶¶ 4-11.  Plaintiffs claim that they have "suffered severe and permanent personal injuries, including significant conscious pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, [and] physical impairment and injury."  <u>Id.</u> ¶ 104 Alleging causes of action for negligence, design defect, failure to warn, breach of express warranty, breach of implied warranty, fraudulent misrepresentation, negligent misrepresentation, unjust enrichment, and consumer fraud, plaintiffs seek, among other remedies, compensatory damages, punitive damages, and attorneys' fees. <u>Id.</u> ¶¶ 49-763.

26.     Florida federal courts recognize that the amount-in-controversy requirement is satisfied in analogous products liability cases involving alleged injuries requiring continuing medical care.  <u>See, e.g.</u>, <u>Buckles v. Coombs</u>, 2017 WL 38801, at *4 (M.D. Fla. Jan. 4, 2017) (allegations that medical device contributed to "damages, including past and future medical expenses, pain, disability, inconvenience, disfigurement, suffering, and mental anguish," satisfied amount-in-controversy requirement: "Plaintiff's position that the amount in controversy

is not demonstrably above $75,000.00 strains credulity, especially in light of the cost and complexity of medical device product liability litigation."); Shaker v. Akima Global Servs., LLC, 2016 WL 4641627, at *2 (S.D. Fla. Sept. 7, 2016) (finding amount-in-controversy requirement met where plaintiff was exposed to chemical solutions, which led to, among other conditions, "injuries to his face, eyes, and body"); Jones v. Novartis Pharm. Corp., 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013) (amount-in-controversy requirement satisfied when plaintiff experienced "serious physical and emotional injuries," claimed permanent injuries, and requested punitive damages, in addition to compensatory damages, as purported result of prescription medicine); Overton v. Wyeth, Inc., 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010) (amount-in-controversy requirement satisfied when plaintiff experienced, among other things, "severe and permanent neurological movement disorder with no known cure or effective treatment" and "great physical, emotional, and monetary damage" from taking prescription medicine) (internal quotation marks omitted), report and recommendation adopted, 2010 WL 4716972 (S.D. Ala. Nov. 15, 2010); Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (finding amount-in-controversy requirement met in case where plaintiff attributed, among other damages, medical expenses and intangible damages to defective hip prosthesis); Wilssens v. Medtronic, Inc., 2009 WL 9151079, at *9 (S.D. Fla. July 23, 2009) (ruling that it was "facially apparent" that plaintiff sought more than jurisdictional minimum as part of products liability claim for, among other things, painful electrical shocks to his heart, hospitalization, and pain and suffering attributed to FDA-approved medical device); Bolin v. SmithKline Beecham Corp., 2008 WL 3286973, at *3 (S.D. Fla. Aug. 7, 2008) (finding that immature lung development, severe respiratory problems, and severe respiratory distress alleged in products liability case focused on FDA-approved prescription medicine made it "more likely than not that the damages

will be over $75,000"); Valerio v. SmithKline Beecham Corp., 2008 WL 3286976, at *3 (S.D. Fla. Aug. 7, 2008) (pulmonary stenosis and cardiovascular disorder attributed to prenatal exposure to prescription medicine and allegedly resulting in general damages, medical damages, punitive damages, and others met amount-in-controversy requirement); Masterson v. Apotex Corp., 2008 WL 2047979, at *3 (S.D. Fla. May 13, 2008) (allegations that drug allegedly caused congenital birth defects, "pain and suffering, mental anguish, embarrassment, humiliation," "los[s] of enjoyment of the pleasures of life," and other injuries met amount-in-controversy requirement); Purdiman v. Organon Pharm. USA, Inc., 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (allegations concerning injuries, including "intense pain" and hospitalization, resulting from birth control device met amount-in-controversy requirement); Campana v. Am. Home Prods. Corp., 2000 WL 35547714, at *1 n.2, *4 (N.D. Fla. Mar. 7, 2000) (finding amount-in-controversy requirement satisfied where, among other things, plaintiff attributed edema, depression, fatigue, thyroid disease, short-term memory loss, hair loss, and heart disease to diet pills: "Plaintiff's cause of action is not novel, for many plaintiffs nationwide are suing these defendants for injuries caused by ingesting diet pills"); see also Avalos v. SDI of Gulf Breeze, Fla. P'ship, 2010 WL 11565761, at *1, *2 (N.D. Fla. Dec. 15, 2010) (finding that discrimination and retaliation claims for, among other things, "loss of capacity to enjoy life, mental and emotional distress," and "physical discomfort" "could exceed the jurisdictional requirement, as could his punitive damages"); Pate v. State Farm Mut. Auto. Ins. Co., 2010 WL 3372195, at *1 n.2, *2 (N.D. Fla. Aug. 25, 2010) (finding amount in controversy met when plaintiff alleged "a permanent and continuing bodily injury" resulting from a car accident).

27.    The personal injury damages demanded in other Zostavax cases involving analogous allegations and often filed by plaintiffs' attorneys confirm that the amount in

controversy for plaintiffs' claims exceeds $75,000, exclusive of costs and interests.  See, e.g., Memo. & Order, Brumfield v. Merck & Co., Inc., No. 2:17-cv-06526 (Doc. 34) at *3 n.4, *6 (E.D.N.Y. Apr. 25, 2018) (exercising subject matter jurisdiction in multi-plaintiff Zostavax case filed by plaintiffs' attorneys and in which "each plaintiff seeks $1 million in damages"); Bentley v. Merck & Co., Inc., 2017 WL 2311299, at *2 n.1 (E.D. Pa. May 26, 2017) (denying motions to remand in ten Zostavax cases in which plaintiffs' attorneys sought recovery of personal injury damages, setting forth parties' "agree[ment] that the damages sought in each of these cases exceed $150,000, exclusive of interest and costs," and noting that "plaintiffs at a minimum are seeking in total in excess of $1,500,000 in these ten cases"); Order, Bloom v. Merck & Co., Inc., No. 2:17-cv-01789 (Doc. 16) (E.D. Pa. May 31, 2017) (similarly denying motion to remand filed in eleventh Zostavax case filed by plaintiffs' counsel in this case); see also **Exhibit 3**, Case Management Conference Memo., Bentley v. Merck & Co., Inc., No. 2:17-cv-01122 (Doc. 1-22) (setting forth demand for "$1,000,000.00" for eye-related injuries and hypertension that plaintiff attributes to Zostavax); **Exhibit 4**, Statement of Damages Pursuant to R. 4:5-2, Checca v. Merck & Co., No. UNN-L-2723-12 (N.J. Super. Ct. Dec. 31, 2012) (setting forth "$10,000,000.00" demand in another Zostavax case filed by different plaintiffs' attorneys); **Exhibit 5**, Responses for Supplemental Demands for Damages in 8 Zostavax Cases Pending in New York (each of 87 plaintiffs demanding $1 million or "1,000,00.00" [sic] in personal injury damages as part of Zostavax lawsuits and through same attorneys who represent plaintiffs in this case).)

28.     Merck also has removed several other multi-plaintiff cases filed by plaintiffs' attorneys in Florida courts and involving very similar allegations related to Zostavax.  See Mobley v. Merck & Co., Inc., No. 3:18-cv-01557 (Doc. 1-2) (N.D. Fla. July 20, 2018); Morgan v. Merck & Co., Inc., No. 3:18-cv-01553 (Doc. 1-2) (N.D. Fla. July 20, 2018); Daniels v. Merck

& Co., Inc., No. 0:18-cv-61681 (Doc. 1-2) (S.D. Fla. July 20, 2018); Greenawalt v. Merck &

Co., Inc., No. 8:18-cv-01193 (Doc. 1) (M.D. Fla. May 17, 2018); Martinez v. Merck & Co., Inc.,

No. 8:18-cv-01192 (Doc. 1) (M.D. Fla. May 17, 2018); VanMeter v. Merck & Co., Inc., No.

8:18-cv-01032 (Doc. 1) (M.D. Fla. Apr. 27, 2018); Stephens v. Merck & Co., Inc., No. 8:18-cv-

00512 (Doc. 1) (M.D. Fla. Mar. 5, 2018); Bowman v. Merck & Co., Inc., No. 8:18-cv-00434

(Doc. 1) (M.D. Fla. Feb. 22, 2018); Patterson v. Merck & Co., Inc., No. 6:18-cv-00092 (Doc. 1)

(M.D. Fla. Nov. 20, 2017); Erickson v. Merck & Co., Inc., No. 6:17-cv-01672 (Doc. 1) (M.D.

Fla. Sept. 21, 2017); see also Quadrozzi v. Merck & Co., Inc., No. 2:18-cv-03849 (Doc. 1)

(E.D.N.Y. July 3, 2018); Bradley v. Merck & Co., Inc., No. 2:18-cv-03858 (Doc. 1) (E.D.N.Y.

July 3, 2018); Blackwood v. Merck & Co., Inc., No. 2:18-cv-02969 (Doc. 1) (E.D.N.Y. May 18,

2018); Clark v. Merck & Co., Inc., No. 2:18-cv-01592 (Doc. 1) (E.D.N.Y. Mar. 14, 2018); Bravo

v. Merck & Co., Inc., No. 1:18-cv-00687 (Doc. 1) (E.D.N.Y. Jan. 31, 2018); Albisano v. Merck

& Co., Inc., No. 2:18-cv-00365 (Doc. 1) (E.D.N.Y. Jan. 18, 2018); Zaccanelli v. Merck & Co.,

Inc., No. 2:17-cv-07106 (Doc. 1) (E.D.N.Y. Dec. 6, 2017); Payne v. Merck & Co., Inc., No.

5:17-cv-00202 (Doc. 1) (W.D.N.C. Nov. 3, 2017); Campanella v. Merck & Co., Inc., No. 1:17-

cv-07244 (Doc. 1) (N.D. Ill. Oct. 6, 2017) (all involving analogous Zostavax products liability

claims and removed to various federal courts).  Those plaintiffs have not moved to remand those

cases.  See also, e.g., Smith v. Merck & Co., Inc., No. 6:18-cv-00043 (Doc. 1) (M.D. Fla. Jan. 8,

2018) (similar single-plaintiff lawsuit filed by different attorneys, who also did not move to

remand case); Soroko v. Merck & Co., Inc., No. 9:18-cv-80021 (Doc. 1) (S.D. Fla. Jan. 8, 2018)

(same).  That silence confirms that the amount-in-controversy requirement is similarly met here.

29.     Still other Zostavax product liability cases filed by other attorneys directly in

Florida and other federal courts reaffirm that these types of cases—including plaintiffs' case—

involve an amount in controversy beyond the jurisdictional minimum.  See Compl., Fredrick v. Merck & Co., Inc., No. 2:18-cv-10861 (Doc. 1) ¶ 12 (D.N.J. June 21, 2018); Compl., Jones v. Merck & Co., Inc., No. 5:18-cv-00144 (Doc. 1) ¶ 14 (M.D. Fla. Mar. 27, 2018); Compl., Bockus v. Merck & Co., Inc., No. 8:18-cv-00715 (Doc. 1) ¶ 13 (M.D. Fla. Mar. 26, 2018); Compl., Ward v. Merck & Co., Inc., No. 2:18-cv-03811 (Doc. 1) ¶ 13 (D.N.J. Mar. 20, 2018); Compl., Grace v. Merck & Co., Inc., No. 2:18-cv-01844 (Doc. 1) ¶ 13 (D.N.J. Feb. 8, 2018); Compl., Kirk v. Merck & Co., Inc., No. 2:17-cv-13689  (Doc. 1) ¶ 12 (D.N.J. Dec. 27, 2017) (each one alleging that "amount in controversy exceeds $75,000"); see also Civil Cover Sheet, Arbitration Certification, Billeci v. Merck & Co., Inc., No. 2:17-cv-00486 (Doc. 1) (E.D. Pa. Feb. 2, 2017); Civil Cover Sheet, Arbitration Certification, Doherty v. Merck & Co., Inc., No. 2:17-cv-01415 (Doc. 1-3) (E.D. Pa. Mar. 29, 2017); Civil Cover Sheet, Arbitration Certification, Dotter v. Merck & Co., Inc., No. 2:16-cv-04686 (Doc. 1-2) (E.D. Pa. Aug. 29, 2016); Civil Cover Sheet, Arbitration Certification, Elmegreen v. Merck & Co., Inc., No. 2:17-cv-02044 (Doc. 1-3) (E.D. Pa. May 4, 2017); Civil Cover Sheet, Arbitration Certification, Rodriguez v. Merck & Co., Inc., No. 2:17-cv-00485 (Doc. 1) (E.D. Pa. Feb. 2, 2017) (each one claiming that "damages recoverable in [the] civil action case exceed the sum of $150,000.00 exclusive of interest and cost").

30.    In light of the significant damages that plaintiffs seek in this action for their allegedly severe and permanent personal injuries and that their attorneys have sought in other Zostavax cases, plaintiffs' claims exceed this Court's minimum $75,000 jurisdictional limit.

WHEREFORE Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. respectfully remove this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to this Court pursuant to 28 U.S.C. § 1441.

115339427.1

/s/ Edward W. Gerecke
Edward W. Gerecke
Florida Bar Number 328332
David J. Walz
Florida Bar Number 697273
CARLTON FIELDS JORDEN BURT, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., 10th Floor (33607)
P.O. Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Fax: (813) 229-4133
Email: egerecke@carltonfields.com
 dwalz@carltonfields.com

*Attorneys for Defendants*
MERCK & CO., INC. and MERCK SHARP &
DOHME CORP.

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY that on July 23, 2018, a true and correct copy of the foregoing was mailed to:

> Carmen A. De Gisi
> Marc J. Bern & Partners LLP
> 101 W. Elm Street, Suite 215
> Conshohocken, PA 19428
>
> *Attorneys for plaintiffs*

/s/ Edward W. Gerecke
Attorney

115339427.1